RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0053p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ANGELIQUE UWINEZA,

                       *Petitioner,*

    *v.*

ERIC H. HOLDER, JR., Attorney General,

                       *Respondent.*

No. 14-3122

Upon Petition for Review of an Order of
the Board of Immigration Appeals.
No. A 089 303 663.

Decided and Filed: January 21, 2015[*]

Before: GIBBONS and STRANCH, Circuit Judges; REEVES, District Judge.[**]

───────────────

**COUNSEL**

**ON BRIEF:** Bryan Scott Hicks, Lebanon, Ohio, for Petitioner. Corey L. Farrell, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

**OPINION**

───────────────

PER CURIAM. Angelique Uwineza, a citizen of Rwanda, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceeding.

───────────────

[*]This decision originally issued as an "unpublished decision" filed on January 21, 2015. The court has now designated the opinion as one recommended for full-text publication.

[**]The Honorable Pamela L. Reeves, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

Uwineza was born in Rwanda in 1986.  When she was eight years old, a civil war broke out in that country.  She and her family fled to a refugee camp in what is now the Democratic Republic of the Congo.  After the war, they returned to Rwanda.  Uwineza's parents' property was confiscated and they relocated to the capital.  In 2008, Uwineza came to the United States on a student visa.  She applied for asylum, withholding of removal, and protection under the Convention Against Torture.  Her applications were denied.  The BIA dismissed her appeal in April of 2013, and this court denied her petition for review, agreeing that she had not been subject to past persecution and could not demonstrate a likelihood of future persecution given the improved conditions in Rwanda.

In November 2013, Uwineza filed a motion with the BIA to reopen her case.  She alleged that she had received information from a friend and a relative in the summer of 2013 that government security forces were looking for her, believing her to be a supporter of Victoire Ingabure, an important figure in a party opposed to the ruling government of Rwanda, who is currently imprisoned in that country.  In support, she offered the e-mails she received from her friend and uncle.  Other evidentiary submissions included a report from Amnesty International mentioning that some supporters of Ingabure had been arrested in 2013.  The BIA denied the motion on the ground that it was untimely, because it was filed more than 90 days after the BIA's April 2013 order.  Acknowledging that an exception to the 90-day requirement allows for a motion containing new evidence that demonstrates changed conditions in the country of removal, the BIA nevertheless found that Uwineza's motion did not satisfy that exception.  It found that the e-mails Uwineza submitted were unsworn, apparently created to support her motion, and were from interested witnesses not subject to cross-examination.

We review a denial of a motion to reopen for an abuse of discretion, which may be found where the BIA's decision is without rational explanation, inexplicably departs from established policies, or rests on an impermissible basis.  *Kukalo v. Holder*, 744 F.3d 395, 402 (6th Cir. 2011).  Uwineza argues that the BIA's decision is without rational explanation, citing *Yo Yun Zhang v. Holder*, 702 F.3d 878, 881-82 (6th Cir. 2012), which held that the BIA cannot refuse to credit evidence on the grounds that it is unsworn or written in support of a petitioner's case, in the absence of any evidence of falsity.  We find this argument persuasive.  The new evidence

appears to satisfy the requirements of not having been previously available and indicating a change in conditions in Rwanda material to Uwineza's claim. The BIA rejected the evidence on the ground that the letters were unsworn and appeared to have been written in support of her case, which we have found invalid. The BIA also noted that the letters were from interested witnesses, but interested witnesses would normally be expected to have information relevant to a petitioner's claim, and that the witnesses were not subject to cross-examination, which will also normally be the case in a motion to reopen. Therefore, we find the rejection of this evidence to be without rational explanation. We thus grant Uwineza's petition for review, vacate the BIA's order, and remand this matter for further proceedings.